CHARLES PRESCOTT *vs.* FREDERIC BRINSLEY & others.

Where a promissory note was made by two persons, one as principal, and the other as surety, payable to a particular bank or order, for the purpose of being discounted by the principal promisor at such bank, and being refused to be discounted by the bank, was thereupon sold by such promisor, without the knowledge of the surety; it was held, that the purchaser could not maintain an action on the note against the promisors jointly.

THIS was an action brought by the plaintiff, as the holder, against the defendants jointly, as the makers, of a promissory note, signed by them, of which the following is a copy:—

"Lowell, July 11th, 1848. Four months from date for value received, we, Frederic Brinsley as principal, and Robert Hope and Albert F. Dyer as sureties, jointly and severally promise to pay the president, directors, and company of the Appleton bank, or order, one hundred dollars."

The note was indorsed: "Without recourse, J. A Knowles, Prs."

It appeared in evidence, that the note was presented to the
20 *

Appleton bank, of which Knowles was president, to be discounted, but the directors declined discounting it, on account of the state of the money market; that the bank had no interest in the note; and that the indorsement was made about a month after the note became due.

It also appeared, that ten or twelve days after the date of the note, the defendant Brinsley had the note in his possession, and sold it to the plaintiff for $90 ; but the sureties were not present at this transaction, and had nothing to do with it; nor did it appear, that they had any knowledge of it.

The presiding judge of the court of common pleas, *Byington*, J., before whom the case was tried, being of opinion, that the evidence was not sufficient to establish a joint promise by the defendants, as alleged in the declaration, directed the jury accordingly, who returned a verdict for the defendants, and the plaintiff excepted.

*B. Dean, Jr.*, for the plaintiff.

*I. S. Morse*, for the defendants.

DEWEY, J. This note was made for the purpose of being discounted at the Appleton bank, and the sureties to the same contracted with reference to that object. This purpose was not accomplished; the bank declining to discount the note. The contract, therefore, did not take effect, and the subsequent use of the note by Brinsley, without the consent of the sureties, did not bind the latter. Prescott took the note with the evidence on the face of it, that it was intended to be used at the bank, and received it without any indorsement from the bank, or any reason to suppose that they had put it in circulation. The subsequent indorsement, after .the note was dishonored, could not have availed the plaintiff, even if the note had been properly indorsed. Whether properly indorsed or not, we express no opinion.

The case of *Adams Bank* v. *Jones*, 16 Pick. 574, bears strongly upon the point, upon which we decide this case. In the case of *Elliot* v. *Abbot*, 12 N. H. 549, cited by the plaintiff, the facts were different. It was in the view of the court a case, where the note was subsequently discounted by a third person, not the payee, with the previous assent, or subsequent ratification of the sureties. *Exceptions overruled.*